**EASTERN S. S. LINES, Inc., v. UNITED STATES.**

No. 1228.

District Court, D. Massachusetts.

Dec. 11, 1947.

See also 74 F.Supp. 37.

Arthur J. Santry and Putnam, Bell, Dutch & Santry, all of Boston, Mass., for libellant.

William T. McCarthy, U. S. Atty., and Edward O. Gourdin, Asst. U. S. Atty., both of Boston, Mass., for the United States.

HEALEY, District Judge.

This matter came on for hearing on the form of the final decree.

The only question to be determined is whether the libelant is entitled to interest from the date of the loss of the vessel, or from the date of the commencement of its action.

The cause of action arose under the terms of a charter party by which the United States agreed that in case of a total loss it would pay "just compensation to be determined in accordance with Section 902 of the Merchant Marine Act, 1936, as amended."

Neither the contract, nor Section 902 of the Merchant Marine Act, 1936, 46 U.S.C.A. § 1242, makes any provision for interest. Thus, since the libelant cannot rely upon its right to interest under the Fifth Amendment of the Constitution, United States v. Thayer-West Point Hotel Company, 329 U.S. 585, 67 S.Ct. 398, its only right to interest arises out of the Suits in Admiralty Act, 46 U.S.C.A. §§ 741–752, under which the action was brought.

Section 3 of the Suits in Admiralty Act, 46 U.S.C.A. § 743, provides in part:

"A decree against the United States * * * may include costs of suit, and when the decree is for a money judgment, interest at the rate of 4 percentum per annum until satisfied, or at any higher rate which shall be stipulated in any contract upon which such decree shall be based. Interest shall run as ordered by the Court."

Section 5 of the Act, 46 U.S.C.A. § 745, defines certain causes of action for which

182

suits may be brought, and contains a statute of limitations. It then provides: ₀

"That no interest shall be allowed on any claim prior to the time when suit on such claim is brought as authorized hereunder."

 In my opinion, the joint effect of both these quoted sections is to vest the Court with discretion as to when interest shall begin to run, subject to the express condition that interest shall not begin to run prior to the commencement of suit.

 For the above reasons, a decree will be entered making provision for interest at the rate of 4% per annum from the date the suit was commenced.