FRANCIS I. du PONT & CO., a partnership composed of Edmond du Pont et al., Plaintiff in Interpleader,

v.

Al B. SHEEN and John F. Connelly, Defendants or Claimants.

Civ. A. No. 30178.

Fox, Rothschild, O'Brien & Frankel, Charles M. Solomon, Philadelphia, Pa., for plaintiff.

Clark, Spahr, Eichman & Yardley, John A. Eichman, 3rd, Philadelphia, Pa., for defendant Al B. Sheen.

KRAFT, District Judge.

This was an action in interpleader. 28 U.S.C. §§ 1335, 1397, 2361. Pursuant to stipulation, we entered an order distributing the disputed fund and dismissing the action with prejudice. Plaintiff, relying on F.R.Civ.P. 60(b) (1), now moves that a permanent injunction be issued under 28 U.S.C. § 2361 to enforce the order of dismissal.

The complaint in interpleader alleged that plaintiff stock brokers held $101,-024.45, proceeds of the sale of stock, in a margin account maintained with plaintiff by defendant Sheen; that plaintiff had been advised of an adverse claim to the fund by defendant Connelly; that plaintiff claimed no beneficial interest in the fund, but was a mere stakeholder, and had paid the fund into the registry of this Court to abide the judgment of the Court.

On September 26, 1961, we entered a preliminary injunction, in accordance with the provisions of 28 U.S.C. § 2361.

Connelly filed an answer admitting the allegations of the complaint, and setting forth his claim to the fund. Sheen filed a motion to dismiss the complaint alleging, inter alia, that the suit "constitutes on its face a mere pretense of adverse claims to a fund to obtain adjudication of controversies other than entitlement to that fund."

Thereafter, pursuant to the written stipulation of all parties and their counsel we ordered payment of $30,077.91 from the fund to Broad Street Trust Company of Philadelphia, in discharge of a promissory note which Sheen had given that bank. No question is raised concerning this payment.

Before argument could be had on Sheen's motion to dismiss, all parties and their respective counsel signed and submitted to this Court a formal written stipulation providing for distribution of the balance of the fund as follows: to defendant Sheen and his attorney $50,000; to Bishop Fulton J. Sheen, Director, etc., the then balance of the fund, some $20,000. It was further expressly

agreed that "this stipulation shall unconditionally and irrevocably bind all Parties hereto upon execution," and that "this cause be dismissed with prejudice." On December 19, 1961, we entered an order in exact conformity with the aforesaid stipulation.

On October 2, 1962, following other proceedings not here material, plaintiff filed the present motion for a permanent injunction "to enforce the Order of Dismissal of the interpleader action with prejudice" theretofore entered.

In support of its motion, plaintiff filed an affidavit, which, after reciting the facts heretofore stated, alleged that notwithstanding the fact that all parties and their respective attorneys were unconditionally and irrevocably bound by the stipulation, which also provided that the interpleader action be dismissed with prejudice, the usual permanent injunction provided for in 28 U.S.C. § 2361 was not included in the order submitted to and signed by this Court; that the omission of the permanent injunction from the order was an oversight and inadvertence which was attempted to be cured by the interchange of general releases after the entry of the order; that defendant Sheen refused and still refuses to execute and deliver a general release to plaintiff. The affidavit further stated that on or about August 30, 1962, defendant Sheen commenced an action in the Circuit Court of Cook County, Illinois, by filing a complaint against plaintiff claiming damages for the $20,000, which was paid, as stipulated in this action to Bishop Fulton J. Sheen, Director, etc., as the nominee of Connelly, and for attorney's fees incurred in this action in the sum of $12,500; that the alleged basis of the Illinois action is the same purported infirmity that was urged upon this Court by Sheen before his execution of the stipulation, i. e., that Connelly had no recognizable adverse claim of right to the fund; that the entry of a decree permanently enjoining Sheen from further proceedings in his Illinois suit, and enjoining the institution of any other suit by either defendant-claimant upon the controversy that was finally determined in this Court, is necessary to prevent unnecessary expense, undue hardship and, perhaps, even multiple liability, and is fully warranted under Rule 60(b) (1).

Upon the filing of plaintiff's motion, we entered an order to show cause, and enjoined both defendants, pending hearing and determination of the motion, from instituting or proceeding with any action against the plaintiff with respect to the matter in controversy.

Thereafter, defendant Sheen filed a "response" to plaintiff's motion for a permanent injunction; and a motion to dismiss plaintiff's motion for a permanent injunction, and to dissolve the temporary restraining order.

Counsel have filed an agreed statement of facts to afford the basis for our determination of the issues.

■ The question before us, as we view it, is a narrow one. We consider neither the merits, the good faith, nor the ethics of the Illinois suit. Our sole inquiry is whether the plaintiff has presented to us a case for relief under F.R. C.P. 60(b) (1):

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *."

We find no support for plaintiff's averment that the omission of the permanent injunction from the order was "an oversight and inadvertence". To the contrary, the order was in exact accord with the stipulation signed by all the parties and respective counsel. The stipulation contained no provision for a permanent injunction or a discharge of the plaintiff from further liability, which the Court may enter after hearing and determination. 28 U.S.C. § 2361.

■ A stipulation for judgment is binding on the parties to it and on the Court unless and until it is set aside.

Morse Boulger Destructor Co. v. Camden Fibre Mills, 239 F.2d 382 (3rd Cir., 1956), and authorities there cited. Plaintiff does not challenge the stipulation in any way. Indeed, plaintiff emphasizes the fact "that all parties to the litigation and all their attorneys, who also joined in the stipulation, were unconditionally and irrevocably bound thereby."

■ Since plaintiff was unconditionally and irrevocably bound by the stipulation, which contained no provision for a permanent injunction, and since the order was in literal accord with the stipulation, we can perceive no oversight or inadvertence which would entitle plaintiff to relief under Rule 60(b) (1). We think the question is ruled in principle by the Morse case, supra, in which the trial Court, pursuant to stipulation, entered judgment in favor of the plaintiff for $6,300. Plaintiff later filed a petition to amend the judgment averring that the Court had erroneously failed to include interest for the period prior to judgment. The Court granted the petition to amend, and the Court of Appeals reversed, stating, 239 F.2d 382 at p. 383:

"We think that the district court erred in thus amending the judgment which it had originally entered. For the record furnishes no support for the plaintiff's averment that the court had erred in not including therein interest prior to judgment. On the contrary the original judgment was in exact accord with the stipulation of the parties which we have quoted. Since the latter specified the amount of the judgment to be entered, interest for the period prior to judgment would have had to have been included in the amount so specified if it was intended to be included in the judgment stipulated for. * * *

"A stipulation for judgment is binding on the parties to it and on the court in the absence of grounds which would authorize a party to rescind or withdraw from it or the court to set it aside. Here, no such grounds were averred or proved. The plaintiff did not in any way attack, impeach or seek to explain away the stipulation which its counsel had entered into in open court. Indeed, the stipulation was not even mentioned in the petition. It merely made the assertion that the court erred in failing to include interest in the judgment. But since that judgment was in literal accord with the stipulation it clearly was not erroneous in the absence of a showing that the stipulation itself was inadvertently, inadvisedly or improvidently entered into and would operate unjustly and to the prejudice of the plaintiff. No such showing was sought to be made. And even if such a showing had been made any relief which the court would have been empowered to grant against the opposition of the defendant would have had to put the parties back into the position in which they were before the stipulation was made."

Apart from any other consideration, it is unclear to us how this Court could have entered a permanent injunction and at the same time dismissed the action, even if the stipulation had so provided. For an enlightening discussion of the operation and effect of a voluntary dismissal, see the opinion of Judge Minton (later Mr. Justice Minton) in Bryan v. Smith, 174 F.2d 212 (7th Cir., 1949).

## ORDER

Now, February 26th, 1963, it is ordered that:

1. Plaintiff's motion for a permanent injunction to enforce the order of dismissal of this interpleader action be, and it is, denied.

2. Defendant Sheen's motion to dissolve the temporary restraining order of October 2, 1962, be, and it is granted, and the restraining order is vacated.