**MORSE BOULGER DESTRUCTOR COMPANY**

v.

**CAMDEN FIBRE MILLS, Inc.,**
Appellant.

No. 11941.

United States Court of Appeals
Third Circuit.

Argued Nov. 8, 1956.

Decided Dec. 27, 1956.

Hirsh W. Stalberg, Philadelphia, Pa. (Shapiro, Rosenfeld, Stalberg & Cook, Philadelphia, Pa., on the brief), for appellant.

Daniel Sherman, Philadelphia, Pa., for appellee.

Before MARIS and KALODNER, Circuit Judges, and WORTENDYKE, District Judge.

MARIS, Circuit Judge.

The defendant appeals from an order of the district court amending a judgment, which had been entered pursuant to a stipulation of the parties, in favor of the plaintiff for $6,300 so as to include interest prior to judgment in the amount of $1,701. The suit had been brought for the purchase price of an incinerator furnished and installed by the plaintiff in the plant of the defendant. The defendant had pleaded a set-off and also a counterclaim. At the trial, after the parties had presented their proofs, the trial judge suggested that in order to simplify the task of the jury the parties enter into the following stipulation:

"It is stipulated that the defendant is indebted to plaintiff in the amount of $6,300, being the price of the incinerator and that the Court may enter a verdict in that amount in favor of the plaintiff, and that the Court will submit to the jury only

the defendant's claim for damages as set forth in the counterclaim."

The stipulation was agreed to by counsel for the parties in open court, the jury rendered a verdict in favor of the plaintiff upon the defendant's set-off and counterclaim, and on January 25, 1956 the court entered judgment, pursuant to the stipulation, in favor of the plaintiff for $6,300.

On February 7, 1956 the plaintiff filed a petition to amend the verdict and judgment so as to include interest from July 27, 1951, the date of the completion of the incinerator, to January 23, 1956, the date of the trial, amounting to $1,701. After stating that interest had been demanded in the complaint the petition averred:

> "That your Honorable Court erroneously failed to include interest in the verdict from the period July 27, 1951 to January 23, 1956."

Three days later the defendant filed an answer to the petition in which in reply to the averment which we have quoted it said:

> "Denied. The Trial Judge was not in error. The Stipulation of Counsel for the parties was that judgment be entered in the sum of $6,300.00. It was upon this stipulation that the Court directed the entry of such a judgment."

No testimony was offered by the plaintiff in support of the averment of error made in the petition. On March 20, 1956 the court entered the order appealed from which amended the judgment by adding thereto interest in the sum of $1,701.

■ We think that the district court erred in thus amending the judgment which it had originally entered. For the record furnishes no support for the plaintiff's averment that the court had erred in not including therein interest

prior to judgment. On the contrary the original judgment was in exact accord with the stipulation of the parties which we have quoted. Since the latter specified the amount of the judgment to be entered, interest for the period prior to judgment would have had to have been included in the amount so specified if it was intended to be included in the judgment stipulated for. It is thus clear that the stipulation excluded such interest. Kropp Forge Co. v. Employers' Liability Assur. Corp., 7 Cir., 1947, 159 F.2d 536, 539, upon which the plaintiff relies, is accordingly not in point.

■■ A stipulation for judgment is binding on the parties to it and on the court in the absence of grounds which would authorize a party to rescind or withdraw from it or the court to set it aside.[1] Here, no such grounds were averred or proved. The plaintiff did not in any way attack, impeach or seek to explain away the stipulation which its counsel had entered into in open court. Indeed, the stipulation was not even mentioned in the petition. It merely made the assertion that the court erred in failing to include interest in the judgment. But since that judgment was in literal accord with the stipulation it clearly was not erroneous in the absence of a showing that the stipulation itself was inadvertently, inadvisedly or improvidently entered into and would operate unjustly and to the prejudice of the plaintiff. No such showing was sought to be made. And even if such a showing had been made any relief which the court would have been empowered to grant against the opposition of the defendant would have had to put the parties back into the position in which they were before the stipulation was made.[2]

The order of the district court will be reversed and the cause remanded with directions to reinstate the judgment entered January 25, 1956.

1. Greenspahn v. Joseph E. Seagram & Sons, 2 Cir., 1951, 186 F.2d 616; 83 C.J.S., Stipulations, §§ 17, 30, 35; 50 Am. Jur., Stipulations §§ 9, 11, 14.

2. Greenspahn v. Joseph E. Seagram & Sons, 2 Cir., 1951, 186 F.2d 616, 620.