P. S. WHITELEATHER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13648.

United States Court of Appeals
Sixth Circuit.

March 30, 1959.

Donald A. Campbell, Dept. of Agriculture, Washington, D. C.; J. Stephen Doyle, Jr., Neil Brooks, Dept. of Agriculture, Washington, D. C., Sumner Canary, and William J. O'Neill, U. S. Attys., Cleveland, Ohio, Robert W. Johnson, Chicago, Ill., on the brief, for appellee.

Frank E. Steel, Akron, Ohio; Clarence W. May, Akron, Ohio, of counsel, Brouse, McDowell, May, Bierce & Wortman, Akron, Ohio, on the brief, for appellant.

Before MILLER, Circuit Judge, and THORNTON and O'SULLIVAN, District Judges.

PER CURIAM.

■ The Government filed two actions in the District Court against the appellant under the provisions of the Agricultural Adjustment Act of 1938, as amended and supplemented, to collect penalties for over acreage planting of wheat. Sections 1281–1393, Title 7 U.S. C.A.

The closing prayers in the complaints read, "Wherefore, plaintiff demands judgment against defendant for the sum of $(Amount here inserted); the costs of this action, and such other relief as this Court may deem just and proper in the premises." Summary judgment against the appellant was rendered in each action. The judgments read, "It is, Therefore, Ordered that plaintiff recover from the defendant the sum of $(Amount here inserted) and costs of this action." No appeals were taken from these judgments.

Thereafter, pursuant to a writ of fieri facias in each case, the U. S. Marshal levied on a 1954 Oldsmobile, being the property of the appellant, and advertised it for sale. The appellant moved

in each case that the Court suspend and vacate said levy and sale. The motions were overruled by the District Judge, which rulings are now before us for review. The cases were consolidated for the purposes of appeal.

The appellant contends that the judgments are based on a penalty and forfeiture and that personal judgments with execution thereon are not authorized by the Agricultural Adjustment Act. The Act provides that for the failure to store, deliver to the Secretary, or pay the penalty on, the farm marketing excess of any crop of wheat, "the entire crop of wheat produced on the farm shall be subject to a lien in favor of the United States for the amount of the penalty." Sec. 1340(4), Title 7, U.S.C.A. Appellant contends that this is the exclusive remedy in any action brought to enforce the penalty.

We find it unnecessary to rule upon this contention. The complaints asked for judgments in personam, not in rem. The District Court had jurisdiction of the subject matter of the action and of the defendant. It entered unqualified personal judgments for the payment of money, which under Rule 69(a), Rules of Civil Procedure, 28 U.S.C.A., are enforceable by writ of execution. These judgments are not void. If they are erroneous, they should have been challenged by appeal. Manson v. Duncanson, 166 U.S. 533, 543–546, 17 S.Ct. 647, 41 L.Ed. 1105; Ginsberg v. Thomas, 10 Cir., 170 F.2d 1, 3. After the time for appeal expired they became final, not subject to later attack by the supplemental proceedings attemped to be invoked in this action. Morris v. Jones, 329 U.S. 545, 550–552, 67 S.Ct. 451, 91 L.Ed. 488.

Rule 60(b) (6), Rules of Civil Procedure, which authorizes the District Court to relieve a party from a final judgment or order for reasons justifying relief from the operation of the judgment, has no application to a case such as this, where a defendant is represented by counsel, is not deprived of the opportunity of appealing from an adverse judgment, and voluntarily for reasons of his own elects not to appeal. Ackermann v. United States, 340 U.S. 193, 197–198, 71 S.Ct. 209, 95 L.Ed. 207.

The judgments are affirmed.