Clayton P. STOWERS

v.

UNITED STATES of America.

Civ. A. No. 831.

United States District Court
N. D. Georgia,
Gainesville Division.

Feb. 7, 1961.

As Amended March 7, 1961.

Kenyon, Kenyon & Gunter, Gainesville, Ga., for plaintiff.

Charles D. Read, Jr., U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

SLOAN, District Judge.

The above case was tried to the Court without a jury and thereafter the Court entered its Findings of Fact and Conclusions of Law in which it was found that plaintiff's well was damaged by the seepage of water caused by the con-

struction of Buford Dam and Reservoir and that plaintiff was entitled to recover from defendant the sum of $3,000 therefor. A judgment was subsequently entered in plaintiff's favor in the sum of $3,000.

Plaintiff has now filed a motion to require defendant to pay interest on such judgment in which he stated that after the defendant dismissed its appeal in the case that it tendered to plaintiff a check for $3,000 and that plaintiff has refused to accept the check in full payment of his claim and contends that defendant should pay him interest on the amount of the judgment from June 9, 1958 to October 10, 1960. Plaintiff states that the defendant has refused to pay any amount in addition to the $3,000 "on the ground that interest was neither claimed in the complaint nor allowed in the judgment." Plaintiff prays in the motion that:

1. The Court enter an order requiring defendant to pay plaintiff interest from June 9, 1958 to October 10, 1960, at the rate of 6% per annum.

2. That if the Court finds it necessary, that the judgment be amended under Rule 60(a), 28 U.S.C.A., so as to provide for interest at the rate of 6% from June 9, 1958 until the time of payment.

3. That if the Court find plaintiff is not entitled to the interest prayed for, that an order be entered under 28 U.S.C.A. § 2411(b), requiring defendant to pay interest at the rate of 4% per annum from the date of judgment until the time of payment.

Plaintiff's motion is now properly before the Court for determination under Local Rule 15.

■ Interest as such was not claimed in the complaint; however, the property owner's right to just compensation required the Court to take into consideration interest from the date of taking, or its equivalent (Seaboard Air Line Ry. v. United States, 261 U.S. 299, 306, 43 S.Ct. 354, 67 L.Ed. 664), and while no separate finding as to interest, or its equivalent was made, it is presumed that interest was included in the amount found by the Court. Voorhees v. Jackson, ex dem. Bank of United States, 10 Pet. 449, 9 L.Ed. 490.

■ In any case, consideration of or omission to consider interest as an element of just compensation is a substantive matter and it does not fall within the category of clerical mistakes which may be corrected under the provision of Rule 60(a), Federal Rules of Civil Procedure.

■ If dissatisfied with the judgment, the plaintiff's remedy was appeal. Relief from the judgment may not properly be granted under Rule 60(b) of the above cited rule. Annat v. Beard, 5 Cir. 1960, 277 F.2d 554, 559.

The plaintiff's motion for interest on the amount of judgment from the date of taking is denied.

■ The plaintiff is entitled to interest at the rate of four percent per annum from the date of the judgment in conformity with the provisions of § 2411(b), Title 28 U.S.C., from June 24, 1960 until February 7, 1961.