Kingdon GOULD et al., Appellants,

v.

UNITED STATES of America,
Appellee.

No. 16673.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 8, 1962.

Decided March 15, 1962.

558

Mr. Kingdon Gould, Jr., Washington, D. C., for appellants. Messrs. James C. Wilkes and J. Hampton Baumgartner, Jr., Washington, D. C., were on the brief for appellants.

Miss Elizabeth Dudley, Atty., Dept. of Justice, with whom Asst. Atty. Gen. Ramsey Clark and Mr. Roger P. Marquis, Atty., Dept. of Justice, were on the brief, for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

■ The question is whether interest should have been added, as a part of just compensation, to an amount awarded by a condemnation jury to be paid by the United States for property taken by eminent domain. The property is located in the northwest section of the District of Columbia between Virginia Avenue and E Street and Twenty-Second and Twenty-Third Streets. Congress authorized acquisition of the property as a site for the headquarters of the Pan American Health Organization, and appropriated initially $875,000 for the purpose.[1]

The condemnation proceedings were begun March 16, 1961, under the provisions of the District of Columbia Code.[2] On June 28, 1961, the jury returned a verdict awarding the owners $1,092,150 as just compensation for the fee simple title to the property. On June 30, 1961, judgment ratifying the award was entered by the District Court, and it was ordered that the full and just compensation payable by the United States was the amount of the verdict, "inclusive of interest."

An additional appropriation by Congress[3] enabled the United States to deposit the $1,092,150 in the registry of the court on October 20, 1961; and this was distributed to the owners pursuant to a court order as compensation for the property taken. No part of the funds appropriated for acquiring the property had been made available to the owners prior to October 20, 1961.

■■ Appellant owners recognize the general rule that interest is not recover-

---

1. 74 Stat. 9, 561 (1960).

2. 16 D.C.Code §§ 619–644 (1961).

3. 75 Stat. 73ა (1961).

able against the United States in the absence of a statute or contract authorizing its payment. United States v. Thayer-West Point Hotel Co., 329 U.S. 585, 588, 67 S.Ct. 398, 91 L.Ed. 52; United States v. Goltra, 312 U.S. 203, 61 S.Ct. 487, 85 L.Ed. 776. It is their position, however, that interest is sometimes payable as part of the just compensation required by the Fifth Amendment when the United States takes property under its power of eminent domain. United States v. Thayer-West Point Hotel Co., 329 U.S. supra at 588, 67 S.Ct. 398. But when interest is included as a part of just compensation it is payable only from the time of taking to the date of payment of the award. United States v. Thayer-West Point Hotel Co., supra at 588, 67 S. Ct. 398; Phelps v. United States, 274 U.S. 341, 344, 47 S.Ct. 611, 71 L.Ed. 1083; Brooks-Scanlon Corp. v. United States, 265 U.S. 106, 123, 44 S.Ct. 471, 68 L.Ed. 934; Seaboard Airline Ry. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L. Ed. 664; United States v. Rogers, 255 U.S. 163, 169, 41 S.Ct. 281, 65 L.Ed. 566. And see United States v. Dow, 357 U.S. 17, 21–22, 78 S.Ct. 1039, 2 L.Ed.2d 1109; Danforth v. United States, 308 U.S. 271, 283–85, 60 S.Ct. 231, 84 L.Ed. 240.

The taking in this case did not occur before the full amount of the award was deposited in the registry of the court on October 20, 1961. Until then the owners continued to hold title as well as possession of the property and received the income from it. That this income was less than the amount which would have been received had interest been added to the amount of the award for the period June 30, 1961 to October 20, 1961, is im-

material; for the taking did not occur until the latter date and, as we have seen, interest was not required as a part of just compensation for any period prior to October 20, 1961. "Such interest is allowable from the time of the taking, and is not allowable for any period prior to the taking." United States v. Johns, 146 F.2d 92, 93 (9th Cir. 1944). See United States v. Mahowald, 209 F.2d 751 (8th Cir. 1954).

The proceedings were governed by the provisions of section 639 of the District of Columbia Code, under which title vested in the United States only when payment of the award was made into the registry of the court.[4] It was at that time the taking occurred and payment was tendered to the owners. A different situation might have arisen had the United States filed a declaration of taking and made a deposit under other provisions of the Code.[5] Had such a procedure been followed title would have vested in the United States upon the filing of the declaration and unless payment had then been made interest would have been required justly to compensate the owners whose property had been taken prior to payment.[6] See United States v. Rogers, supra.

Appellants contend that the award made by the jury in its verdict of June 28, 1961, in the amount of $1,092,150, was the value of the land on that date, and that interest on that amount should be paid to the date of the vesting of title, October 20, 1961, on the theory that just compensation should reflect "the true value of the money equivalent to the value of the land on the date the money is finally paid to the owners." This contention

---

4. 16 D.C.Code § 639 (1961).

5. See 16 D.C.Code § 628 (1961).

6. There was no legal obligation on the part of those acting for the United States to deposit the $875,000 in the registry of the court prior to appropriation of the additional amount necessary to pay the full compensation required. It is possible, even if not probable, that Congress might have withdrawn the authority it

had given for acquisition of the land upon learning that the jury had fixed a higher value than the amount of the original appropriation. Moreover, there was no unreasonable delay, as in Miller v. United States, 61 App.D.C. 58, 57 F.2d 424; nor do the owners suggest that the condemnation proceedings should be dismissed, as was there done, because of the delay.

assumes that when title vested in the United States on October 20, 1961, the property was worth more than the award made on June 28, 1961. We have no basis for making such an assumption. On this record, we cannot say the property was worth more than was paid for it when it was taken on October 20, 1961.

Affirmed.