**HART SCHAFFNER & MARX, Plaintiff-Appellant,**

v.

**ALEXANDER'S DEPARTMENT STORES, INC., Defendant-Appellee.**

**No. 295, Docket 29214.**

United States Court of Appeals Second Circuit.

Argued Jan. 14, 1965.

Decided Jan. 25, 1965.

---

W. Thomas Hofstetter, of Woodson, Pattishall & Garner, Chicago, Ill. (John H. Andrew, Chicago, Ill.; Gilbert H. Weil, Alfred T. Lee, New York City, on the brief), for plaintiff-appellant.

John P. McGrath, of Reavis & McGrath, New York City (James P. Durante, Denis B. Sullivan, New York City, on the brief), for defendant-appellee.

Before SMITH, KAUFMAN and ANDERSON, Circuit Judges.

PER CURIAM.

Hart Schaffner & Marx ("HSM") appeals from an order denying its motion to adjudge Alexander's Department Stores, Inc., in civil contempt for violation of a consent decree. The decree, entered in settlement of a suit brought by HSM for trademark infringement, dilution and unfair competition, permanently enjoined Alexander's from using any "colorable imitation" of their HSM's or its own "representation of a medieval horse and rider in connection with the sale or offering for sale of any clothing products or wearing apparel." The present proceeding was commenced by HSM almost one year after Alexander's adopted a revised mark—allegedly in violation of the decree—consisting of a centaur, standing upon its rear legs and carrying a sword and shield. Holding that use of the revised mark did not violate the terms of the injunctive decree, the District Court denied the requested relief. We affirm.

A civil contempt order will not issue unless there is "clear and convincing" proof of violation of a court decree; a bare preponderance of the evidence will not suffice. Stringfellow v. Haines, 309 F.2d 910, 912 (2 Cir. 1962). Moreover, consent decrees "are to be read within their four corners, and especially so," one court aptly remarked, "because they represent the agreement of the parties, and not the independent examination of the subject-matter by the court." American Radium Co. v. Hipp. Didisheim, Inc., 279 F. 601, 603 (S.D.N.Y. 1921), aff'd, 279 F. 1016 (2 Cir. 1922); see also Artvale, Inc. v. Rugby Fabrics Corp., 303 F.2d 283 (2 Cir. 1962). Applying these standards, we do not believe the revised centaur mark colorably imitates the original, for we are not persuaded on the record before us that the two convey the same general impression in a manner likely to confuse the consuming public. See Plough, Inc. v. Kreis Laboratories, 314 F.2d 635 (9 Cir.

1963); Star Bedding Co. v. Englander Co., 239 F.2d 537 (8 Cir. 1957). In the absence of clear and convincing proof of a violation of this consent decree, drafted in such broad terms and encompassing not only suits and coats but all "wearing apparel," the harsh remedy of civil contempt was properly denied.

Affirmed.