Ivan M. HOFFMAN, Plaintiff,

v.

Anthony CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

No. 64 C 321(1).

United States District Court
E. D. Missouri, E. D.

Nov. 27, 1967.

Stemmler & Stemmler, St. Louis, Mo., for plaintiff.

Veryl L. Riddle, U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

HARPER, Chief Judge.

This matter is before the court on the government's motion, filed to modify the court's order entered on mandate on February 6, 1967. The requested modification is the deletion of the provision for interest on past due social security benefits.

█ Plaintiff's claim in the litigation, on which he prevailed in the Court of Appeals, is for increased social security benefits due to self-employment earnings arising from material participation in the production and management of production of agricultural commodities on two farms which he owned. Pursuant to the mandate of the Court of Appeals filed January 31, 1967, this court entered its order directing the Secretary of Health, Education and Welfare to grant an increase in social security benefits based on the increase in income, "including all past due benefits at six percent interest." The parties agreed to the form of the order. The government now, however, moves to strike the phrase, "at six percent interest", having belatedly realized, it seems, that such a judgment is improper since the claim is against the United States.

The government's position is correct. Plaintiff does not dispute the general rule of "the traditional immunity of the Government from the burden of interest unless it is specifically agreed upon by contract or imposed by legislation." United States v. Goltra, 312 U.S. 203, 207, 61 S. Ct. 487, 490, 85 L.Ed. 776 (1941). He does, however, argue that the rule is liberally applied in cases not governed by 28 U.S.C.A. § 2516, which is a statutory embodiment of the rule for the court of claims prohibiting that court from awarding interest unless is it "expressly" authorized to do so. He cites Seaboard Air Line Ry. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664 (1923), which dealt with a statute requiring payment of "just compensation" for governmental requisition of property for defense purposes. Since the Supreme Court in that case allowed interest on the basis of no more specific a phrase than "just compensation", and since a similar phrase, "proper adjustment", is employed in the relevant portion of the Social Security Act, 42 U.S.C.A. § 404, he argues that there is sufficient Congressional authorization for the allowance of interest here.

Plaintiff has misapplied the *Seaboard Air Line* case and inaccurately stated the degree of liberality with which the courts approach the general rule. *Seaboard Air Line* is the special case of constitutionally required compensation for a taking of private property; a constitutional mandate, rather than the use of the phrase, "just compensation", in a statute, required the giving of interest. The Su-

preme Court has said that the phrase is not, as a matter of statutory construction, a term of art providing for interest. United States v. Thayer-West Point Hotel Co., 329 U.S. 585, 589–590, 67 S.Ct. 398, 91 L.Ed. 521 (1947). Indeed, it is well settled that "just compensation" is not a sufficiently specific authorization by itself, because, contrary to plaintiff's view, the rule is quite strictly applied by the courts. United States v. Thayer-West Point Hotel Co., supra; United States v. Goltra, supra; Farrand Optical Co. v. United States, 325 F.2d 328 (2d Cir. 1963); Eastern S. S. Lines, Inc. v. United States, 77 F.Supp. 181 (D.Mass.1947) aff'd, 171 F.2d 589 (1st Cir. 1948). There is no reason why the phrase "proper adjustment", which is, if anything, less indicative of a Congressional intent to grant interest, should be treated differently. Plaintiff's contention that compensating him in this case is a constitutional matter, and thus within the rule of *Seaboard Air Line*, is without authority.

The question remains whether the government should be given relief, pursuant to Rule 60(b), Federal Rules of Civil Procedure, from the order entered without its objection. Motions under this rule are addressed to the sound discretion of the court. Assmann v. Fleming, 159 F.2d 332 (8th Cir. 1947). The rule is specifically directed at instances of "mistake, inadvertence, surprise [and] excusable neglect." The inclusion of interest in the court's order was certainly an instance of inadvertence, hardly any more unpardonable than a clerical error. Denying plaintiff interest now will not deprive him of any right won through litigation, merely something he gained through oversight.

In plaintiff's second "motion" in opposition to the government's motion he argues that the order was a consent decree, and as such was a settlement for which he gave a valuable consideration in that he refrained from further pursuing a claim for costs. This claim had already been once denied by the Court of Appeals. Neither plaintiff's motion nor the affidavit attached contains any hint that the parties actually bargained with respect to either interest or costs, or that any agreement was entered into other than the matter-of-course agreement as to the form of the order. If the elements of a settlement were present, plaintiff is obliged to more specifically aver the fact.

For the foregoing reasons, the defendant's motion to modify order on mandate is sustained. The clerk will prepare a modified order on mandate deleting from the order of February 6, 1967, the phrase "at six percent interest."