Harriet H. HOFFMAN, Executrix of the
Estate of Ivan M. Hoffman, Appellant,

v.

Anthony CELEBREZZE, Secretary of
Health, Education and Welfare,
Appellee.

No. 19147.

United States Court of Appeals
Eighth Circuit.

Jan. 14, 1969.

James A. Stemmler, of Stemmler & Stemmler, St. Louis, Mo., for appellant.

King M. Trimble, Asst. U. S. Atty., St. Louis, Mo., for appellee, Veryl L. Riddle, U. S. Atty., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and BLACKMUN and LAY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is a timely appeal by Ivan M. Hoffman from an order of the District Court which pursuant to the Government's application for relief under Rule 60(b), Fed.R.Civ.P., modified a prior judgment it had made directing an increase in social security benefits and awarding 6% interest on past due benefits. The modification made was to eliminate the interest provision.

In Hoffman v. Gardner, 8 Cir., 369 F.2d 837, we reversed the judgment of the District Court upholding the Secretary's determination that Hoffman was not entitled to an increase in benefits by reason of self-employment earnings for the year 1957 from material participation in the management of two farms which he owned. We remanded the case to the trial court for further proceedings consistent with the views expressed in our opinion.

On remand, the trial court directed counsel to prepare an agreed upon proposed order which would conform to our mandate. Such order was prepared, agreed upon by counsel and signed by the court as prepared. The final judgment entry was filed February 6, 1967. The order directs the Secretary to pay increased benefits "based on said increased income, including all past due benefits at six per cent interest." No appeal was taken from such final order.

More than four months later, on June 8, 1967, the Government filed a motion to modify the order last described by striking therefrom the words "at six per cent interest." The motion is brief and does not state the statute or rule relied upon for relief and the sole ground for relief is stated:

"[I]t is respectfully pointed out that under the Social Security Act there is no provision for the payment of interest, and the law is well settled that in the absence of a statute authorizing the payment of such interest it is not recoverable against the United States, citing United States v. Goltra, 312 U.S. 203 [61 S.Ct. 487, 85 L.Ed. 776]; United States v. Thayer-West Point Hotel Company, 329 U.S. 585 [67 S.Ct. 398, 91 L.Ed. 521], and Gould v. United States [112 U.S.App.D.C. 233], 301 F.2d 557."

Hoffman filed resistance to such motion. No evidence in support of the motion was received. The motion was argued and submitted to the court. The court on November 27, 1967, granted the Government's motion and amended its order by deleting therefrom the words "at six per cent interest." The court, in a memorandum opinion reported at 277 F. Supp. 482, sets forth its reasons for making the modification requested by the Government. Hoffman has taken a timely appeal from the November 27, 1967, order.

Hoffman asserts he is entitled to a reversal for the following reasons:

"Point I. The District Court erred in setting aside the judgment of February 6, 1967 for inadvertence under Rule 60(b) inasmuch as inadvertence was neither pleaded nor proved by Respondent and was not an issue in the case.

"Point II. Even if 'Inadvertence' had been pleaded and proved, it still was error on the part of the District Court to set aside the portion of the

judgment dealing with interest, because,

"A. The awarding of interest, if error, was an error of law, and a motion to set aside an error of law for inadvertence must be made within the time allowed for an appeal.

"B. A judgment which includes a form of relief or damages in excess of or in addition to or different from that which is allowed under a federal act is not thereby void and is not subject to being set aside under Rule 60.

"C. Interest is allowable in a social security case both under the statute and under the United States Constitution.

"D. The judgment of February 6, 1967 was a consent judgment which constituted a settlement and therefore was binding on all parties."

We find it unnecessary to consider all of the asserted errors. For the reasons hereinafter stated, we reverse the trial court's order deleting the interest provision from the judgment entered.

■ We are not here concerned with the question of whether interest is allowable on past due social security benefits. The trial court had jurisdiction in this case to determine the amount of social security benefits due the claimant under 42 U.S.C.A. § 405(g). Jurisdiction to decide is jurisdiction to make a wrong as well as the right decision. Hartman v. Lauchli, 8 Cir., 304 F.2d 431, 432; Whiteleather v. United States, 6 Cir., 264 F.2d 861, 863.

There is merit to Hoffman's contention that the Government has failed to plead or prove a case for relief under Rule 60(b). The court on the 60(b) issue states:

"The rule is specifically directed at instances of 'mistake, inadvertence, surprise [and] excusable neglect.' The inclusion of interest in the court's order was certainly an instance of inadvertence, hardly any more unpardonable than a clerical error. Denying plaintiff interest now will not deprive him of any right won through litigation, merely something he gained through oversight." 277 F.Supp. 482, 484.

■ The primary issue before us is whether the trial court abused its discretion or committed error in deleting the interest provision in the Rule 60(b) proceeding. The court granted relief on the ground of inadvertence. Rule 60(b) (1) covers "mistake, inadvertence, surprise or excusable neglect." The court does not base its order on any other subsection of Rule 60(b). The Government did not, either in the trial court or here, assert that it is entitled to relief under any provision of Rule 60 other than (b) (1). The trial court draws an analogy between the present situation and a clerical mistake, which is covered by Rule 60(a). Any error here involved is clearly not the type of mistake contemplated by Rule 60(a). United States v. Stuart, 3 Cir., 392 F.2d 60, 62; Gray v. Dukedom Bank, 6 Cir., 216 F.2d 108, 110; Stowers v. United States, 191 F.Supp. 795, 796.

■ Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances. Rinieri v. News Syndicate Co., 2 Cir., 385 F.2d 818, 822; Hansen v. United States, 8 Cir., 340 F.2d 142, 143; Lane v. Swingspout Measure Co., 7 Cir., 340 F.2d 40, 41.

■ It is generally held that neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief. Hulson v. Atchison, T. & S. F. Ry. Co., 7 Cir., 289 F.2d 726, 730; Benton v. Vinson, Elkins, Weems & Searls, 2 Cir., 255 F.2d 299, 301. Thus Government counsel cannot obtain relief by pointing to his carelessness or negligence.

Morse Boulger Destructor Co. v. Camden Fibre Mills, Inc., 3 Cir., 239 F.2d 382, appears to be closely in point on the problem confronting us. The issue before the court in that case was whether the original judgment which had been stipulated by the parties could be modified to include a provision for interest. In revers-

ing the trial court's order making the modification with respect to interest, the court stated:

"We think that the district court erred in thus amending the judgment which it had originally entered. For the record furnishes no support for the plaintiff's averment that the court had erred in not including therein interest prior to judgment. On the contrary the original judgment was in exact accord with the stipulation of the parties which we have quoted.

\* \* \* \* \* \*

"A stipulation for judgment is binding on the parties to it and on the court in the absence of grounds which would authorize a party to rescind or withdraw from it or the court to set it aside. Here, no such grounds were averred or proved. The plaintiff did not in any way attack, impeach or seek to explain away the stipulation which its counsel had entered into in open court. Indeed, the stipulation was not even mentioned in the petition. It merely made the assertion that the court erred in failing to include interest in the judgment. But since that judgment was in literal accord with the stipulation it clearly was not erroneous in the absence of a showing that the stipulation itself was inadvertently, inadvisedly or improvidently entered into and would operate unjustly and to the prejudice of the plaintiff. No such showing was sought to be made." 239 F.2d 382, 383.

To like effect, see Farmers Co-op. Elevator Ass'n Non-Stock v. Strand, 8 Cir., 382 F.2d 224.

It has been held that a judgment either awarding or failing to award interest cannot be modified as to this aspect by a 60(b) motion. Morse Boulger Destructor Co. v. Camden Fibre Mills, Inc., supra; Gray v. Dukedom Bank, supra.

■ Some uncertainty exists concerning the time within which a 60(b) motion may be filed. It seems clear that the rule is not intended as a substitute for a timely appeal. Demers v. Brown, 1 Cir.,

343 F.2d 427; Swam v. United States, 7 Cir., 327 F.2d 431; Hartman v. Lauchli, supra. Thus, to prevent Rule 60(b) from becoming a substitute for appeal, Professor Moore in 7 Moore's Federal Practice ¶ 60.22[3–4] states that a reasonable time for filing the motion should not exceed the time allowed for appeal from judgment.

In Schildhaus v. Moe, 2 Cir., 335 F.2d 529, 531, the court holds:

"But nothing in the Rule, the cases, or the treatises suggests that a motion for relief from judicial error more than eight months after the entry of judgment is made 'within a reasonable time' as the Rule requires. 'Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.' "

■ An additional reason why the modification of the judgment here is inappropriate lies in the fact that the judgment was entered by consent. The Supreme Court in Swift & Co. v. United States, 276 U.S. 311, 324, 48 S.Ct. 311, 314, 72 L.Ed. 587, states: "But 'a decree, which appears by the record to have been rendered by consent, is always affirmed, without considering the merits of the cause.' " Parties are generally bound by their agreements made in court. Farmers Co-op. Elevator Ass'n Non-Stock v. Strand, supra; Hart Schaffner & Marx v. Alexander's Dept. Stores, Inc., 2 Cir., 341 F.2d 101.

In Swift & Co. v. United States, supra, the contention was made that the Government attorneys exceeded their authority in entering into the consent decree. The Court found it unnecessary to decide whether the Government would be entitled to have the judgment vacated for lack of authority. The Court found that the statutes defining the duties of the Attorney General did not place any limits upon the Attorney General in exercising the discretion which he did, stating, "His authority to make determinations includes the power to make erroneous decisions as well as correct ones." 276 U.S. 311, 331–332, 48 S.Ct. 311, 317.

By way of summary, we hold that the Government has neither pleaded nor proved that the interest provision was included in the judgment by inadvertence. There is no affidavit or testimony on the part of anyone representing the Government to the effect that the Government did not know that the interest provision was contained in the order which the Government had agreed to, nor is any evidentiary basis established for a finding that the inclusion of the interest provision falls in the inadvertent category. From the record before us, it appears that the interest provision was intentionally and deliberately included in the order with the knowledge, consent and approval of all of the parties. If the Government is of the view that error was committed in awarding interest in the final judgment entered February 6, 1967, the normal and appropriate method of attack is a timely appeal. Under the circumstances of this case, Rule 60(b) cannot properly be invoked for the purpose of extending the time for appeal which had already expired.

The order deleting the interest provision from the judgment is reversed. Hoffman's application for awarding of costs against the Government is denied.[1]

BLACKMUN, Circuit Judge (dissenting).

I respectfully dissent from that portion of the majority's decision which relates to interest. Although for me the issue is not free from all doubt, I dissent because: (1) It is established that interest is not recoverable against the United States in the absence of an express provision for it in a statute or contract. United States v. Thayer-West Point Hotel Co., 329 U.S. 585, 588, 67 S.Ct. 398, 91 L.Ed. 521 (1947); United States v. Goltra, 312 U.S. 203, 207, 61 S.Ct. 487, 85 L.Ed. 776 (1941). (2) The pertinent portions of the Social Security Act, 42 U.S.C. ch. 7, under which this court in Hoffman v. Gardner, 369 F.2d 837 (8 Cir. 1966), ruled in favor of benefits for this claimant based upon self-employment earnings, concededly contain no specific provision for interest on past due benefits. (3) I do not and cannot read a provision for interest into the then language of 42 U.S.C. § 404 which called for "proper adjustment" of an error in a social security payment. (4) A government representative has power only to act within the bounds of his authority. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384, 68 S.Ct. 1, 92 L.Ed. 10 (1947). (5) In a mandate and non-consideration situation of the kind presently before us, the *Merrill* rule should apply to a then United States attorney as well as to a lay representative; this stands in contrast with a government lawyer's settlement discretion such as was exercised in Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587 (1928). See In re Gsand, 153 F.2d 1001 (3 Cir. 1946). (6) Rule 60(b)(1), Fed.R.Civ.P., authorizes relief from an order because of mistake or inadvertence. Furthermore, that rule is to be liberally construed. In re Casco Chemical Co., 335 F.2d 645, 651 n. 18 (5 Cir. 1964); 7 Moore's Federal Practice, para. 60.18 [8] (2 ed. 1968). (7) The district court's order providing for interest was a clear mistake, within the meaning of Rule 60 (b) (1), and not only an inadvertence. The claimant, it seems to me, would make too much of Judge Harper's ready characterization, 277 F.Supp. at 484, of the interest inclusion as "certainly an instance of inadvertence"; it is also a self-evident mistake which does not require the redundancy of supporting evidence. (8) The interest inclusion was in no respect a considered judgment of the

---

1. The motion and order involved in this case are filed in the same numbered case as the case in which plaintiff obtained additional social security benefits. We do not believe the present appeal relates to a judgment entered in an action filed subsequent to the effective date of the 1966 amendment to 28 U.S.C.A. § 2412. In any event, the statute as amended permits but does not require the taxation of costs against the Government. We do not consider this an appropriate case for awarding costs against the Government.

district court and thus was not, in my view, "judicial error," as the claimant would describe it and as to which the reasonable time provision of Rule 60(b) might well be approximated with the time for appeal. Instead, it was joint counsel error. (9) It was acknowledged at oral argument that the order was one drawn by claimant's counsel. (10) The granting of relief under Rule 60(b) is primarily a matter for the discretion of the district court. 7 Moore's Federal Practice, para. 60.19 (2 ed. 1968); Assmann v. Fleming, 159 F.2d 332, 336 (8 Cir. 1947). The ruling of the district court should not be set aside except upon a clear showing of abuse of that discretion. Farmers Co-op. Elevator Ass'n Non-Stock v. Strand, 382 F.2d 224, 232 (8 Cir. 1967), cert. denied, 389 U.S. 1014, 88 S.Ct. 589, 19 L. Ed.2d 659. (11) I am not at all persuaded that Judge Harper's ruling amounted to an abuse. (12) Obviously, the parties' mutual acceptance of the form of the order was no contract. Their production of the order was at the district court's request and was an accommodation to the court. There is nothing in the record suggesting that the claimant, in return for interest, bargained away a claim for costs against the government. See Steiner v. Nelson, 309 F.2d 19, 21 (7 Cir. 1962). (13) In re Merry Queen Transfer Corp., 266 F.Supp. 605 (E.D.N.Y.1967), is a case, where interest was mandatory under the governing New York statute. Its omission from a decree was held curable by motion under Rule 60(a) made 13 months later and after an intervening appeal. A defense of waiver was held to be frivolous. The case is thus the factual opposite of the present one and is authority that relief is available to the government here under Rule 60(a). (14) The reversal gives the claimant a windfall at the expense of public funds.

The adverse party here is the United States Government. While one may not always like the sound of the phrase, it is a truism that "the government is not just another party litigant." It seems to me that Mr. Justice Frankfurter's words in Merrill, supra, 332 U.S. at 385, 68 S.Ct. at 3, are pertinent:

"The oft-quoted observation in Rock Island, Arkansas & Louisiana R. Co. v. United States, 254 U.S. 141, 143, 41 S. Ct. 55, 56, 65 L.Ed. 188, that 'Men must turn square corners when they deal with the Government,' does not reflect a callous outlook. It merely expresses the duty of all courts to observe the conditions defined by Congress for charging the public treasury."

I would affirm the district court's exclusion of the interest provision.