**Clara Marie BERNARD, Plaintiff,**

v.

**MISSOURI DIVISION OF EMPLOYMENT SECURITY, Defendant.**

**No. 82–0057–CV–W–3.**

United States District Court,
W. D. Missouri, W. D.

July 30, 1982.

Christopher Harlan, Kansas City, Mo., for plaintiff.

MEMORANDUM AND ORDER
DISMISSING CAUSE

ELMO B. HUNTER, Senior District Judge.

This action was initiated by plaintiff on January 26, 1982, by the filing of a right to sue letter from the Equal Employment Opportunity Commission and an Application for Leave to File Action Under Title VII of the Civil Rights Act of 1964 without Payment of Fees, Costs or Security and for the Appointment of Counsel. On April 14, 1982, counsel was appointed to represent plaintiff. In response to the Order appointing counsel and directing a report to the Court, plaintiff's counsel indicated that plaintiff had brought an earlier case, *Clara M. Bernard v. State of Missouri, Division of Employment Security*, No. 79–0455–CV–W–4. The Court has reviewed the decision in the prior case. In the 1979 case, plaintiff claimed she had been subjected to employ-

ment discrimination and sought relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. On April 10, 1981, this Court entered a judgment in favor of defendant and against plaintiff. That decision was made following a full trial before Magistrate Richard H. Ralston, as special master. In light of the judgment in the previous case, on May 25, 1982, this Court issued an Order directing plaintiff to show cause in writing why the pending cause should not be dismissed because the issues had been fully tried on the merits in the previous case.

The Court received a response to the show cause order from plaintiff. In the response plaintiff recited many of the events she believed demonstrated discrimination. In addressing the Court's inquiry as to why she should not be bound by the prior judgment, plaintiff stated as follows:

> When the trial was held in December of 1980, at The Federal Court House, the State had so many witnesses that some were asked to return to work without serving as witnesses. I had co-workers, who were also being discriminated against and were willing to serve as witnesses in my behalf; but they were not summoned or asked by my Legal Aid Lawyer . . . to appear in court, therefore I had no witnesses.

Letter from Clara M. Bernard, June 22, 1982, p. 3.

■ Federal courts adhere to the doctrine of res judicata. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). In the previous case, the Memorandum and Order of April 10, 1981, was a final judgment on the merits, and the parties in both causes are the same. The question then, is whether the issues plaintiff wishes to raise in the pending cause were or could have been raised in the prior cause. The Report and Recommendation of the Magistrate, which was adopted by the Court in its Order of April 10, 1981, set out the six issues of law the parties had stipulated were to be determined in the action.

> (1) Was plaintiff's transfer from the Kansas City office of the Division of Employment Security to its Independence office made in violation of either the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, or the Civil Rights Act of 1871, 42 U.S.C. § 1983, (2) Was plaintiff subject to unjust criticism and harassment because of her race while she was employed by defendant in violation of either of the aforementioned Acts, (3) Was plaintiff discharged from her employment with defendant in violation of either of the aforementioned Acts, (4) If it is proven that plaintiff's rights under either of the aforementioned Acts were violated, to what benefits and damages, if any, is she entitled to recover, (5) Are any of the parties entitled to an award of attorney fees, and (6) Did defendant Dietrict, Director of the Division of Employment Security, act in good faith and is he, therefore, entitled to the defense of good faith upon plaintiff's claim under the Civil Rights Act of 1871, 42 U.S.C. § 1983?

Report and Recommendation of the United States Magistrate, p. 2. The prior suit involved plaintiff's employment with defendant from March 15, 1971, to August 31, 1978. From plaintiff's response to the Court's Order to Show Cause, it is apparent that the pending cause also stems from her employment with defendant during that period. Any issues plaintiff could raise in the present action either were or could have been litigated in the prior case and, therefore, the pending action is barred by the doctrine of res judicata.

■ Rather than construe the pending action as a new action, it might be construed as an attempt to have the Court re-open its judgment in the earlier case. Under Rule 60(b), Federal Rules of Civil Procedure, the court can relieve a party from a final judgment, order, or proceeding for several reasons, including

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evi-

dence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . [and] (6) any other reason justifying relief from the operation of the judgment. The rule also provides that a motion under the rule "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken." The decision on whether to grant a Rule 60(b) motion is one for the Court's discretion. *Hale v. Ralston Purina Co.*, 432 F.2d 156, 159 (8th Cir. 1970).

 Assuming, arguendo, that plaintiff's request to re-open judgment was made within a reasonable time, plaintiff's stated reasons for re-opening the prior judgment do not qualify under the rule. Under subsection (1), plaintiff may wish to argue that her attorney's failure to call the witnesses she alleges could have helped her case amounted to mistake or excusable neglect. Even if this was attorney error, neither carelessness nor ignorance on the part of the attorney will generally provide relief under Rule 60(b). *United States v. Thompson*, 438 F.2d 254, 256 (8th Cir. 1971); *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969). The evidence plaintiff claims would be available through these witnesses who were not called would not come within the provisions of subsection (2) of the rule because it only covers newly discovered evidence which could not have been discovered in time for a motion for new trial. These witnesses, according to plaintiff's statement, were available for the prior trial. Finally, subsection (6) is construed strictly and it, as well as all of Rule 60(b), is available only in extraordinary circumstances. *Ackermann v. United States*, 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950); *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969); *DeLong's, Inc. v. Stupp Brothers Bridge & Iron Co.*, 40 F.R.D. 127, 130 (E.D.Mo.1965). The plaintiff fails to state any extraordinary circumstances which would justify the re-opening of the prior judgment. Plaintiff cannot have re-

lief under the rule merely because she is unhappy with the judgment. *See*, 11 Wright & Miller, *Federal Practice and Procedure* § 2858, at 170 (1973). This is not a case involving a default judgment in which courts tend to be more liberal in construing the rule. Wright & Miller, *supra*, § 2857 at 160.

The Court entered its order finding in favor of defendant in the prior case in April of 1981. It was nine months later that plaintiff initiated the present suit. This delay of nine months does not weigh in the plaintiff's favor in seeking to re-open the judgment in that the rule requires the motion to be made within reasonable time.

It is important to insure the finality of judgments. The reasons plaintiff gives do not justify the Court exercising its discretion to violate the principle of finality of judgments to re-open the prior judgment. Plaintiff cannot continually bring suits against the defendant on the same issues or seek to set aside the prior judgment merely because she was not satisfied with the outcome or the performance of her attorney.

For the reasons discussed above, it is hereby

ORDERED that the above-styled cause is hereby dismissed with prejudice.