**NOT FOR PUBLICATION**

FILED



DEC 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARI NAVALO, | No. 14-73181 |
| Petitioner, | BRB No. 14-0095 |
| v. | MEMORANDUM[*] |
| COCHISE CONSULTANCY, INC. and ACE AMERICAN INSURANCE CO. and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, | |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted October 21, 2016
San Francisco, California

Before: KLEINFELD and M. SMITH, Circuit Judges, and KORMAN,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Petitioner Ari Navalo was injured while working for Respondent Cochise Consultancy under a contract covered by the Longshore Act (later references to Cochise include its insurance carrier, Respondent Ace American Insurance). An Administrative Law Judge awarded Navalo compensation under the Act. For each period of disability, the ALJ found Navalo's average weekly wage, and then stated that Navalo was entitled to two-thirds of the difference between that wage and his stipulated pre-disability wage. Although, for two periods of disability, that calculation would output a figure exceeding the Longshore Act's maximum cap on compensation, *see* 33 U.S.C. § 906(b)(1), the ALJ did not expressly state that the cap applied. The ALJ also did not award a specific amount of compensation. Rather, it ordered the district director—a Department of Labor functionary with only ministerial authority—to calculate one based on the ALJ's findings and conclusions.

The district director initially failed to apply § 906(b)(1), and calculated that Cochise owed more than the maximum allowed by the Longshore Act. When Cochise paid at the maximum rate notwithstanding that error, Navalo complained to the district director, who issued an amended calculation that applied § 906(b)(1). Navalo maintained that the initial calculations were final and binding, and asked for an order finding Cochise in default. The district director denied that request, and on appeal, the Benefits Review Board affirmed. Navalo petitions for review of the BRB's decision.

2

At the threshold, Navalo has it wrong when he frames this case in terms of Cochise's failure to timely appeal the ALJ's decision to the BRB. This case does not come to us (nor did it to the BRB) as an attack on the ALJ's now-final compensation order. Rather, we are reviewing the district director's refusal to issue a default order. Once the ALJ's ruling disposes of all the outstanding legal issues, the district director's role is "purely ministerial and administrative." *Cornelius v. Drummond Coal Co.*, 9 Black Lung Rep. 1-40 (Ben. Rev. Bd. 1986). So if the ALJ decided the question of § 906(b)(1)'s applicability, that ends the case—the ALJ's now-final ruling would control, and inconsistent action by the district director would be *ultra vires*.

We can safely say that the ALJ did not rule § 906(b)(1) *inapplicable*. Navalo argues that the ALJ did so *sub silentio* when it awarded two-thirds of his lost wages without expressly stating that compensation was limited by § 906(b)(1). But "[w]e presume that ALJs know the law and apply it in making their decisions." *Lockwood v. Commissioner of Social Security*, 616 F.3d 1068, 1072 n.3 (9th Cir. 2010). The law is, as the Supreme Court has held, that § 906(b)(1)—fixing the maximum compensation rate—"applies globally, to all disability claims." *Roberts v. Sea-Land Servs., Inc.*, 132 S. Ct. 1350, 1358 (2012). Prudence and common sense caution against reading an ALJ decision to say the opposite unless that is clearly its intended meaning. The ALJ gave no indication that it was ruling § 906(b)(1) inapplicable;

3

indeed, it only referenced the cap at all to note that Navalo had appeared to agree to its application. By contrast, in *Hoffman v. Celebrezze*, 405 F.2d 833 (8th Cir. 1969), on which the dissent relies to "illustrate[]" the principle that finality may protect even clearly erroneous judgments, the district court expressly entered an order, from which no appeal was taken, that the plaintiff be paid "past due benefits at six per cent interest," despite the fact that the Social Security Act did not permit interest payments. *Id.* at 834.

We need not parse the ALJ's order further, because any other construction requires us to deny the petition. Obviously, if the ALJ ruled that § 906(b)(1) *does* apply, then the district director and the parties were bound by that finding, not by the district director's initial mistaken calculations. And if the ALJ made no ruling one way or another, the district director's own application of § 906(b)(1) would still have been proper as a purely ministerial act. Calculating compensation is a legal determination as much as a mathematical one. What the BRB describes as "calculating" compensation is the process of identifying and applying the provisions of the Longshore Act that spell out the controlling arithmetic. What gives the job its ministerial cast is the fact that the law—and thus the arithmetic—is inarguably clear. In many cases that clarity will stem from the ALJ's express determination. But the law

4

is no less clear here, and the district director's application no less ministerial, because § 906(b)(1)'s applicability was settled by the Supreme Court instead.

**PETITION DENIED.**

**Navalo v. Cochise Consultancy, Inc.** No. 14-73181

KLEINFELD, Senior Circuit Judge, dissenting

I would grant the petition for review because once the compensation order became final, the district director lacked the authority to amend it. The ALJ instructed Cochise to pay Navalo two-thirds of $2,114.56 per week, an amount greater than the statutory maximum. The ALJ did not say that this award was capped by § 906(b)(1).

The ALJ ruled that "Employer owes Claimant two-thirds of the difference," and found that the difference was $2,114.56. She further ruled that "[a]ll calculations of disability payments are to be based on the Claimant's stipulated average wage of $2,594.56." As is apparently customary, she ended her order with the language "The district director shall make all calculations necessary to carry out this order."

The ALJ erred. She evidently overlooked the statutory cap, even though it had been brought to her attention and she had noted in the descriptive portion of her decision that the claimant agreed that the maximum compensation rate was

1

$1,047.16 per week. Her decision is not ambiguous, though. The district director had nothing to do but determine what two-thirds of $2,114.56 was, and the employer had nothing to do, under her order, but pay that amount, $1,409.71.

Had Cochise appealed the error, and the calculation based on the ALJ's error, doubtless Cochise would have prevailed and the error would have been corrected.[1] But Cochise did not appeal. Instead, it paid the statutory maximum and not the amount ordered. The error was brought to light only when Navalo complained that he was not getting the amount ordered. I do not agree with the majority view that the error in the award was "purely ministerial and administrative." The ALJ made an error of law. The only ministerial administrative aspect was doing the arithmetic to put a dollar amount on the fraction, two-thirds of $2,114.56.

Judges make errors from time to time, and they are corrected by motions to reconsider, motions to amend, appeals, and other devices.[2] Parties may not move for relief from an erroneous final judgment when a judge's error "involved a

---

[1] 33 U.S.C. § 921(a); 20 C.F.R. § 802.205(a).

[2] See Restatement (Second) of Judgments § 71 cmt. e (Am. Law Inst. 1982).

2

fundamental misconception of law and the motion was not made until after the time for appeal had run."[3]

Hoffman v. Celebrezze illustrates this principle.[4]  There, the district court entered an order requiring the government to pay the plaintiff increased social security benefits as well as 6% interest on all past due benefits.[5]  The government did not appeal, but later moved under Federal Rule of Civil Procedure 60 to delete the interest payment provision from the order because the Social Security Act did not permit interest payments.[6]  The district court granted the motion, but the Eighth Circuit reversed, reasoning that "[i]f the Government is of the view that error was committed in awarding interest in the final judgment . . . the normal and appropriate method of attack is a timely appeal."[7]  A party could not invoke Rule 60(b) to "extend[] the time for appeal which had already expired."[8]  The Hoffman

---

[3] 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2858.1 (4th ed. 2012).

[4] 405 F.2d 833 (8th Cir. 1969).

[5] Id. at 834.

[6] Id.

[7] Id. at 837.

[8] Id.

opinion recognized that the interest in finality requires courts to uphold even erroneous awards when the time to appeal has expired.

In this case, Cochise also could not correct this error by defying a judicial order.[9] Nor did the district director have authority to correct the ALJ's error, because only the Benefits Review Board is authorized to fix legal errors.[10] This rule is similar to traditional civil litigation where a judge only, and not a clerk, has the authority to amend a judgment or grant relief from an erroneous judgment.[11]

The finality of a judgment is especially important in a disability case, because a party may plan for the future (rent an apartment, etc.) based on an expected income stream. Navalo would receive nearly $19,000 more per year if the district director had not meddled *ultra vires* with the order. Because of the

---

[9] See Zapon v. U.S. Dep't. of Justice, 53 F.3d 283, 285 (9th Cir. 1995).

[10] 33 U.S.C. § 921(b)(3).

[11] Fed R. Civ. P. 59; 60. Both rules authorize "the court," rather than the clerk, to alter a judgment. See also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.").

extent of his injuries—he was shot in the back and hit by a roadside IED while working as rear gunner in Iraq—he will likely never reach his pre-injury earning potential. Once an original compensation order becomes final, a disability claimant may put a down payment on a house, allocate money for future medical expenses, or start saving for a child's college tuition. This reliance interest further cautions against excusing an employer's failure to comply with or timely appeal the ALJ's binding decision.

The district director exceeded his statutory authority by amending the compensation order, and Navalo should not be punished for relying on the ALJ's decision once it became final.

I respectfully dissent.