MEMORANDUM **
Petitioner Ari Navalo was injured while working for Respondent Cochise Consultancy under a contract covered by the Longshore Act (later references to Cochise include its insurance carrier, Respondent Ace American Insurance). An Administrative Law Judge awarded Navalo compensation under the Act. For each period of disability, the ALJ found Navalo’s average weekly wage, and then stated that Navalo was entitled to two-thirds of the difference between that wage and his stipulated pre-disability wage. Although, for two periods of disability, that calculation would output a figure exceeding the Longshore Act’s maximum cap on compensation, see 33 U.S.C. § 906(b)(1), the ALJ did not expressly state that the cap applied. The ALJ also did not award a specific amount of compensation. Rather, it ordered the district director—a Department of Labor functionary with only ministerial authority—to calculate one based on the ALJ’s findings and conclusions.
The district director initially failed to apply § 906(b)(1), and calculated that Cochise owed more than the maximum allowed by the Longshore Act. When Cochise paid at the maximum rate notwithstanding that error, Navalo complained to the' district director, who is *663 sued an amended calculation that applied § 906(b)(1). Navalo maintained that the initial calculations were final and binding, and asked for an order finding Cochise in default. The district director denied that request, and on appeal, the Benefits Review Board affirmed. Navalo petitions for review of the BRB’s decision.
At the threshold, Navalo has it wrong when he frames this case in terms of Cochise’s failure to timely appeal the ALJ’s decision to the BRB. This case does not come to us (nor did it to the BRB) as an attack on the ALJ’s now-final compensation order. Rather, we are reviewing the district director’s refusal to issue a default order. Once the ALJ’s ruling disposes of all the outstanding legal issues, the district director’s role is “purely ministerial and administrative.” Cornelius v. Drummond Coal Co., 9 Black Lung Rep. 1-40 (Ben. Rev. Bd. 1986). So if the ALJ decided the question of § 906(b)(l)’s applicability, that ends the case—the ALJ’s now-final ruling would control, and inconsistent action by the district director would be ultra vires.
We can safely say that the ALJ did not rule § 906(b)(1) inapplicable. Navalo argues that the ALJ did so sub silentio when it awarded two-thirds of his lost wages without expressly stating that compensation was limited by § 906(b)(1). But “[w]e presume that ALJs know the law and apply it in making their decisions.” Lockwood v. Commissioner of Social Security, 616 F.3d 1068, 1072 n.3 (9th Cir. 2010). The law is, as the Supreme Court has held, that § 906(b)(1)—fixing the maximum compensation rate—“applies globally, to all disability claims.” Roberts v. Sea-Land Servs., Inc., 566 U.S. 93, 132 S.Ct. 1350, 1358, 182 L.Ed.2d 341 (2012). Prudence and common sense caution against reading an ALJ decision to say the opposite unless that is clearly its intended meaning. The ALJ gave no indication that it was ruling § 906(b)(1) inapplicable; indeed, it only referenced the cap at all to note that Navalo had appeared to agree to its application. By contrast, in Hoffman v. Celebrezze, 405 F.2d 833 (8th Cir. 1969), on which the dissent relies to “illustrate[ ]” the principle that finality may protect even clearly erroneous judgments, the district court expressly entered an order, from which no appeal was taken, that the plaintiff be paid “past due benefits at six per cent interest,” despite the fact that the Social Security Act did not permit interest payments. Id. at 834.
We need not parse the ALJ’s order further, because any other construction requires us to deny the petition. Obviously, if the ALJ ruled that § 906(b)(1) does apply, then the district director and the parties were bound by that finding, not by the district director’s initial mistaken calculations. And if the ALJ made no ruling one way or another, the district director’s own application of § 906(b)(1) would still have been proper as a purely ministerial act. Calculating compensation is a legal determination as much as a mathematical one. What the BRB describes as “calculating” compensation is the process of identifying and applying the provisions of the Long-shore Act that spell out the controlling arithmetic. What gives the job its ministerial cast is the fact that the law—and thus the arithmetic—is inarguably clear. In many cases that clarity will stem from the ALJ’s express determination. But the law is no less clear here, and the district director’s application no less ministerial, because § 906(b)(l)’s applicability was settled by the Supreme Court instead.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.