KLEINFELD, Senior Circuit Judge,
dissenting
I would grant the petition for review because once the compensation order be *664 came final, the district director lacked the authority to amend it. The ALJ instructed Cochise to pay Navalo two-thirds of $2,114.56 per week, an amount greater than the statutory maximum. The ALJ did not say that this award was capped by § 906(b)(1).
The ALJ ruled that “Employer owes Claimant two-thirds of the difference,” and found that the difference was $2,114.56. She further ruled that “[a]ll calculations of disability payments are to be based on the Claimant’s stipulated average wage of $2,594.56.” As is apparently customary, she ended her order with the language “The district director shall make all calculations necessary to carry out this order.”
The ALJ erred. She evidently overlooked the statutory cap, even though it had been brought to her attention and she had noted in the descriptive portion of her decision that the claimant agreed that the maximum compensation rate was $1,047.16 per week. Her decision is not ambiguous, though. The district director had nothing to do but determine what two-thirds of $2,114.56 was, and the employer had nothing to do, under her order, but pay that amount, $1,409.71.
Had Cochise appealed the error, and the calculation based on the ALJ’s error, doubtless Cochise would have prevailed and the error would have been corrected.[1] But Cochise did not appeal. Instead, it paid the statutory maximum and not the amount ordered. The error was brought to light only when Navalo complained that he was not getting the amount ordered. I do not agree with the majority view that the error in the award was “purely ministerial and administrative.” The ALJ made an error of law. The only ministerial administrative aspect was doing the arithmetic to put a dollar amount on the fraction, two-thirds of $2,114.56.
Judges make errors from time to time, and they are corrected by motions to reconsider, motions to amend, appeals, and other devices.[2] Parties may not move for relief from an erroneous final judgment when a judge’s error “involved a fundamental misconception of law and the motion was not made until after the time for appeal had run.”[3]'
Hoffman v. Celebrezze illustrates this principle.[4] There, the district court entered an order requiring the government to pay the plaintiff increased social security benefits as well as 6% interest on all past due benefits.[5] The government did not appeal, but later moved under Federal Rule of Civil Procedure 60 to delete the interest payment provision from the order because the Social Security Act did not permit interest payments.[6] The district court granted the motion, but the Eighth. Circuit reversed, reasoning that “[i]f the Government is of the view that error was committed in awarding interest in the final judgment ... the normal and appropriate method of attack is a timely appeal.”[7] A party could not invoke Rule 60(b) to “extend[] the time for appeal which had already expired.”[8] The Hoffman *665 opinion recognized that the interest in finality requires courts to uphold even erroneous awards when the time to appeal has expired.
In this case, Cochise also could not correct this error by defying a judicial order.[9] Nor did the district director have authority to correct the ALJ’s error, because only the Benefits Review Board is authorized to fix legal errors.[10] This rule is similar to traditional civil litigation where a judge only, and not a clerk, has the authority to amend a judgment or grant relief from an erroneous judgment.[11]
The finality of a judgment is especially important in a disability case, because a party may plan for the future (rent an apartment, etc.) based on an expected income stream. Navalo would receive nearly $19,000 more per year if the district director had not meddled ultra vires with the order. Because of the extent of his injuries—he was shot in the back and hit by a roadside IED while working as rear gunner in Iraq—he will likely never reach his pre-injury earning potential. Once an original compensation order becomes final, a disability claimant may put a down payment on a house, allocate money for future medical expenses, or start saving for a child’s college tuition. This reliance interest further cautions against excusing an employer’s failure to comply with or timely appeal the ALJ’s binding decision.
The district director exceeded his statutory, authority by amending the compensation order, and Navalo should not be punished for relying on the ALJ’s decision once it became final.
I respectfully dissent.

. 33 U.S.C. § 921(a); 20 C.P.R. § 802.205(a).

. See Restatement (Second) of Judgments § 71 cmt. e (Am. Law Inst. 1982).

. 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2858.1 (4th ed. 2012).

. 405 F.2d 833 (8th Cir. 1969).

. Id. at 834.

. Id.

. Id. at 837.

. Id.

. See Zapon v. U.S. Dep't. of Justice. 53 F.3d 283, 285 (9th Cir. 1995).

. 33 U.S.C. § 921(b)(3).

. Fed R. Civ. P, 59; 60. Both rules authorize “the court,” rather than the clerk, to alter a judgment. See also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court’s attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.”).