*F. M. Hatch*, for plaintiffs.

*W. R. Castle*, for defendant.

---

M. J. SILVA AND M. GOMEZ, doing business under the name of the Hawaiian Electro-plating Works, *vs.* ANTON HOMEN.

TROVER.  APPEAL FROM BICKERTON, J.

HEARING, MARCH 20, 1893.        DECISION, MAY 6, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A landlord cannot lawfully break open an outer door of a building to levy a distress for rent.

Trover lies for the value of goods wrongfully distrained.

The measure of damages is the value of the goods at the time of conversion, with interest to the time of trial, without deducting the amount of rent due.

OPINION OF THE COURT, BY FREAR, J.

This is an action of trover, damages laid at $300, for wrongful conversion of goods consisting of electro-plating machinery, tools and supplies, and chattels of plaintiffs, which were in a shop occupied by plaintiffs rented of defendant. The case was heard in the Police Court of Honolulu, which gave judgment for defendant, and on appeal again by a Justice of this Court at Chambers, who, in affirming the judgment below, held that the goods in question were legally distrained. The essential facts found were that plaintiffs

were in arrears of rent for about three months, amounting to $23. They had closed up and locked the shop containing the goods thereafter seized. Defendant not being able to get his rent, and hearing the plaintiffs were about to remove their goods, nailed up the shop, and the next day entered it and took the goods in question away to an auction room. Plaintiffs saw the removal but made no protest. The plaintiffs now appeal to this Court on the following points of law: *First*—That the action of the defendant in breaking open the building held by the plaintiffs as tenants of defendant, and by forcing an entry in order to distrain the goods and chattels of plaintiffs, rendered the distraint illegal, and made defendant liable in trover for the value of said goods and chattels. *Second*—That the distress was illegal because the amount of goods taken was excessive, the rent being twenty-three dollars. The statute, where rent is in arrears, allows the landlord to enter the premises in respect to which such rent shall be in arrears, without any legal process, and there to distrain and remove to a place of safe custody, any goods and chattels of such defaulting tenant found on the premises, etc.

The common law also allowed the landlord, when rent was in arrears, to enter the tenant's premises and there distrain his goods and chattels. But if the landlord abused his authority, as by breaking open an outer door, he became a trespasser *ab initio*, and the distress was rendered wholly illegal.

In *The Six Carpenters' Case*, 8 Coke, 146 (Sm. Ld. Cas. 216), it was resolved that "when entry, authority or license is given to anyone by the law, and he doth abuse it, he shall be a trespasser *ab initio*." Otherwise of an authority given by the party. In *Semayne's Case*, 5 Coke, 91 (Sm. Ld. Cas. 183), it was resolved that in the case of a dwelling house, which is a man's castle, although it is not an abuse of authority for an officer to break the house if necessary to effect an entry in the execution of criminal process, for this concerns the commonwealth, yet it is otherwise in the execution of civil

process upon the body or goods, for this is for the particular interest of the party; but if the door is open, the officer may enter and execute such process, and so may a landlord enter and distrain for rent.    In *Brown vs. Glenn,* 16 Q. B. 254, it was held that, in the case of a house other than a dwelling house, as in the case at bar, although it is not an abuse of authority for an officer in the execution of civil process to break the house if necessary to effect an entry, yet it is otherwise in the case of a landlord distraining for rent; "for a distinction may reasonably be made between the powers of an officer acting in execution of legal process and the powers of a private individual who takes the law into his own hands and for his purposes."    In that case a distress for rent was held illegal, because, as in the case at bar, the landlord broke open a door which was locked.    In *Attack vs. Bramwell,* 3 B. & S. 520, a distress for rent was held void, because the landlord had entered by breaking in a window.    In *Hancock vs. Austin,* 14 C. B. N. S. 634, a distress was held illegal where the entry was made through a window which was fastened with an ordinary hasp, though without breaking anything.

Our statute allows the landlord no greater privilege than was allowed by the common law in respect to the mode of entry.    If the landlord abuses his privilege, the distress is rendered wholly void.    It is an abuse of his privilege to break open an outer door that is locked.    The law confers upon the landlord the unusual privilege of being both judge and executioner in his own case, and he must be held to strict accountability in the exercise of this privilege.    There is even more reason for so holding now than there was when the common law grew up, for the policy of the law now is against conferring such exceptional privileges upon landlords.    Indeed, in the United States the remedy by distress has become unpopular, and has by statute been abolished in many of the States, and restricted and regulated in others. 5 Am. & Eng. Encyc. of Law, 711.

Trover is a proper remedy for a wrongful distress.    So it

was at common law, though now by statute in England the remedy is confined to trespass or case, where the original taking is lawful, but the party afterwards does some unlawful act. Note to *The Six Carpenters' Case, supra; Hancock vs. Austin, supra; Shipwick vs. Blanchard*, 6 T. R., 298; *Connah vs. Hale*, 23 Wend., 462.

The measure of damages is the market value of the goods at the time of conversion, with interest to the time of trial, without deducting the amount of rent due. Wood's Mayne on Damages, Sec. 498; *Attack vs. Bramwell, supra; Hancock vs. Austin, supra.* At the trial no evidence was taken upon the question of the value of the goods at the time of conversion, although there was testimony as to their original cost. And no damages were assessed, the Court having taken the view that the distress was legal.

It is unnecessary to consider the further question whether the distress was unlawful, because the amount of goods taken was excessive.

The decision appealed from is reversed, and the case is remitted to a Judge of the Circuit Court of the First Circuit to assess the damages, the Justice who formerly heard the case having no jurisdiction to hear it now, by the provisions of the Act to Reorganize the Judiciary Department.

*J. A. Magoon,* for plaintiff.

*C. W. Ashford,* for defendant.