Lowrey v. Territory, 20 Haw. 112.

## FREDERICK J. LOWREY, GEORGE P. CASTLE AND WILLIAM O. SMITH, TRUSTEES, *v.* THE TERRITORY OF HAWAII.

MOTION FOR JUDGMENT.

ARGUED MARCH 21, 22, 1910.            DECIDED MARCH 23, 1910.

### HARTWELL, C.J., PERRY AND DE BOLT, JJ.

COSTS.

> Attorneys' commissions and fees are not recoverable against the Territory (following *Bowler* v. *Board of Immigration* and *Cleghorn, Collector of Customs,* v. *Luce,* 7 Haw. 715, 1889).

JUDGMENT—*nunc pro tunc.*

> A judgment in this case is entered at the date of its rendition, and not "as of" the date of a former judgment which was reversed on appeal to the United States supreme court.

### OPINION OF THE COURT BY HARTWELL, C.J.

The plaintiffs claim $382.50 as attorneys' commissions as in actions of assumpsit, and $31 for other attorneys' fees named in the statute upon a judgment in their favor for $15,000 ordered by the United States supreme court reversing the judgment of this court in an action against the Territory to recover that sum for breach of an agreement made with the American Board of Foreign Missions by the government of the Hawaiian Monarchy in 1849 that in carrying on the Lahainaluna school it would not "teach or allow to be taught any religious tenet or doctrine contrary to those theretofore inculcated by the mission and expressed in the Confession of Faith," set forth in the opinion in 19 Haw. 123, 131, 132.

In *Bowler* v. *Board of Immigration,* and *Cleghorn, Collector General of Customs,* v. *Luce,* 7 Haw. 715 (1889), it was held that attorneys' fees and commissions were not recoverable against the government, the court saying (p. 716):

"We think it a sound principle that where the Government *eo nomine* is sued or brings a suit, or where a department or bureau or officer of the Government has brought suit or is sued concerning matter which in fact is not personal, but involves a claim of the Government as plaintiff, or a liability of the Government as defendant, the plaintiff recovering should not have judgment for attorney's fees or commissions, nor should the plaintiff on losing be taxed with attorney's fees and commissions on the amount sued for."

The practice undoubtedly has since conformed to this ruling and we see no reason for reconsidering or reversing it. The plaintiffs claim in their petition, which is not entitled in assumpsit, is for "fifteen thousand dollars" for which they pray judgment, not asking costs.

The plaintiffs also ask that their judgment be "entered as of September 8, 1908," the date of the judgment for the defendant which has been reversed, their object being to obtain interest on the judgment from that date, the statute declaring (Sec. 2007 R. L.) that "no interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the court unless upon a contract expressly stipulating for the payment of interest." They claim that since the United States supreme court has held that this court was in error they have been wronged and kept out of the use of the money since the date of our judgment against them, and that it is equitable that the judgment in their favor be antedated. The Territory opposes this claim and submits that the statute does not allow interest after judgment unless stipulated for by contract.

It is unnecessary to pass upon this matter, but only to decide whether the judgment shall be entered upon the day of its rendition or be made retrospective in effect. It is true that, overruling this court, the United States supreme court held that the Hawaiian government engaged to teach "the definite religious doctrine expressed in the confession of faith," and that it was not enough "that religion should be taught, and that as

taught it should not be contrary to the doctrines mentioned," or that "from 1877 until the present date the course of religious instruction has been substantially the same," and that if there had been any breach of the agreement as early as 1877, acquiesced in by the parties, this would not amount to a waiver of the plaintiffs' claim.

The statute, however, is imperative in prohibiting interest prior to the time of the rendition of judgment. Nor does the case come within the class in which delay of the court in coming to its conclusion or the death of a party after the trial and submission of a cause requires that the judgment be given effect, if at all, as far back as the day of submission. See 1 Freeman on Judgments (3 Ed.), §§ 57, 68.

The judgment must be dated on the day of its rendition, and is to be entered on the same day.

*D. L. Withington and C. H. Olson* for plaintiffs.

*E. W. Sutton, Deputy Attorney General,* for the Territory.