MANUEL R. LUCAS, FRANK R. LUCAS, JOHN R. LUCAS, JR., FREDERICK VIERRA AND JOHN T. FREITAS, DOING BUSINESS AS SAVEMORE SUPERMARKET *v.* LIGGETT & MYERS TOBACCO COMPANY AND GEORGE IWAMOTO.

No. 4839.

November 7, 1969.

RICHARDSON, C.J., MARUMOTO, LEVINSON, KOBAYASHI, JJ., AND CIRCUIT JUDGE OGATA IN PLACE OF ABE, J., DISQUALIFIED.

*Per Curiam.* This is an appeal from a judgment filed in the Third Circuit Court on October 14, 1968, awarding costs and interest to plaintiffs-appellants and against defendant-appellee, Liggett & Myers Tobacco Company (herein referred to as L & M).

Earlier, plaintiffs had appealed to this court from a circuit court judgment, entered pursuant to a jury verdict,

dismissing their action as against L & M on the merits and adjudging defendant George Iwamoto liable to plaintiffs for the payment of compensatory damages in the sum of $23,578.45, plus costs of court. On June 26, 1968, this court affirmed the circuit court judgment of December 11, 1964, with respect to Iwamoto and reversed with respect to L & M, and remanded the case to the circuit court with directions to enter judgment for plaintiffs and against Iwamoto and L & M in the amount of compensatory damages found by the jury, with costs of court. *Lucas* v. *Liggett & Myers Tobacco Company,* 50 Haw. 477, 442 P.2d 460 (1968).

On September 11, 1968, the circuit court entered the judgment against L & M. On September 16, 1968, plaintiff moved for Approval and Taxation of Costs and Interest. The circuit court granted some costs, refused to grant others, granted interest after July 15, 1968, and refused to grant interest for the period between December 11, 1964, and July 15, 1968.

Appellant specifies the following as errors by the trial court warranting reversal: (1) failing to award as a cost the fee paid by appellants to their expert witness; and (2) failing to award interest for the period between the initial Third Circuit Court judgment dated December 11, 1964, and the subsequent judgment of said court, upon remand, dated October 14, 1968.

## I.

We hold that plaintiffs are not entitled to recover expert witness fees. *Scott* v. *Kona Development Co.,* 21 Haw. 408, 423 (1913). HRS § 607-12; HRS § 607-9; HRS § 602-16.[1]

---

[1] HRS § 607-12 provides:

The pay of witnesses shall be as follows: Every witness attending and testifying upon the trial of any civil cause, in any court, shall be paid the sum of $2 for each day's attendance in court, and traveling

We note that this court has the power to revise the rules so that expert witness fees could be recovered.[2]

## II.

The issue of interest for the period between 1964 and 1968 is more complex. We begin with the proposition that interest is compensatory in nature, not punitive, and it is for this reason that interest is properly given to a plaintiff from the date of conversion of his property by a defendant until the date judgment is satisfied. There is no sound reason why a plaintiff should not be able to recover a loss in earnings of an asset which defendant converted. *See*

---

expenses at the rate of 20 cents a mile each way.

The fees of witnesses shall be taxable in the bill of costs to be paid by the losing party.

HRS § 607-9 provides:

No other costs of court shall be charged in the supreme court or in the circuit courts in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law.

All actual disbursements sworn to by an attorney, and deemed reasonable by the court, may be allowed in taxation of costs.

HRS § 602-16 provides:

The supreme court may, from time to time, make rules for regulating the practice and conducting the business of the court, and also rules governing the administration of other courts, and thereafter revise the rules at its discretion. *In no case shall the court have power to impose costs not expressly authorized by law.* [Emphasis added]

[2] Haw. Const. Art. V § 6 provides:

The supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law.

HRS § 607-1 provides:

The supreme court *shall have power by rule of court,* from time to time, *to revise,* amend, add to, or eliminate any of *the items of costs* and fees provided in this chapter, to prescribe such costs and fees as it deems reasonable in all cases not therein provided for, and to prescribe the amount to be paid in advance to the clerk of any court in any proceeding on account of the costs and fees. [Emphasis added]

64 Yale L.J. 1020 (1955) ; 38 Notre Dame Lawyer 58, 59 (1962) ; 15 Stan. L. Rev. 107, 108 (1962).

This rule is not only rational, it is also well established. *E.g., Redfield* v. *Ystalyfera Iron Co.,* 110 U.S. 174, 176 (1884) :

> Interest is given on money demands as damages for delay in payment, being just compensation to the plaintiff for a default on the part of his debtor.

From the briefs, there appears to be some confusion on this point in Hawaii. Plaintiffs rely upon *Moll* v. *Bark "George",* 1 Haw. 484, 487 (1856), which held

> that the plaintiff is entitled to recover, as damages for the detention of property, the interest on its value and compensation for any deterioration in value of the property during its detention.

Plaintiffs also cite *Silva* v. *Homen,* 9 Haw. 14 (1893), a case involving the wrongful conversion of certain goods belonging to the plaintiff, where this court held that:

> The measure of damages is the value of the goods at the time of conversion, with interest to the time of trial . . . .

Defendants rely upon *Lowrey* v. *Territory,* 20 Haw. 112, 113 (1910), which refused to allow prejudgment interest, relying upon a statute which provided:

> No interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the court, unless upon a contract expressly stipulating for the payment of interest. [R.L.H. § 2007 (1905)]

This statute is now compiled with amendments as HRS § 661-8, and it is applicable only to suits by and against the state. Since defendant L & M can hardly consider itself the state, its reliance upon *Lowrey* is sadly misplaced.

The most revealing case on prejudgment interest is *City and County of Honolulu* v. *Caetano,* 30 Haw. 1

(1927). The City condemned Caetano's property, and Caetano received a money judgment to compensate him for the value. Caetano failed to ask for prejudgment interest in the suit itself. He asked for it six months after judgment had been entered, and the court refused to grant it.[3] Before reaching this conclusion, however, it was (a) determined that although this was a condemnation case, the issue of interest would be governed by the general law since there was no special provision for interest in condemnation cases; (b) determined that the applicable statute on interest was R.L.H. 1925 § 3586, which provided:

> Interest at the rate of six per cent. per annum, and no more, shall be allowed on any judgment recovered before any court in the Territory, in any civil suit.

(c) intimated that the constitutional requirement of just compensation required that plaintiff have an opportunity to prove interest as a part of his damages, and (d) clearly held that in Hawaii prejudgment interest should be allowed wherever it is properly proved.

We think the better rule is that prejudgment interest should be allowed, and we affirm the view of *Caetano* that the relevant statute on interest[4] does not preclude this result. It is argued that the words "on any judgment" should be interpreted to require that interest begin only when judgment is rendered. But we hold that the statute does not preclude interest before judgment. We prefer this construction because it produces the more equitable

---

[3] Compare H.R.C.P., Rule 60(b). See *Rocky Mountain Tool & Machine Co.* v. *Tecon Corp.*, 371 F.2d 589, 597 (1967); *Hoffman* v. *Celebrezze*, 277 F. Supp. 482 (E.D. Mo. 1967), rev'd 405 F.2d 833 (5th Cir. 1969); *Gilroy* v. *Erie-Lackawanna R.R. Co.*, 44 F.R.D. 3 (S.D.N.Y. 1968).

[4] The present statute is virtually the same as that in *Caetano*. It is now codified as HRS § 478-2, and provides:

Interest at the rate of six per cent a year, and no more, shall be allowed in any judgment recovered before any court in the State, in any civil suit.

result, and because there is no reason to reverse our interpretation of this statute in *Caetano*.

Having determined that interest may be granted as to a time period before a judgment is entered, we conclude that this court had the power to include interest for the period between 1964 and 1968 in our 1968 decision. The plaintiff did not, however, include in his 1968 appeal a prayer for this interest. Plaintiff had asked for reversal as to L & M and for a new trial as to damages against L & M. When we reversed in 1968, no new trial was necessary since the amount of damages had already been fixed by a jury.

Once the 1968 appeal had been decided with no mention of interest, plaintiff could have moved under Rule 60 (b) (1) for relief from his excusable neglect in failing to ask for interest. *Rocky Mountain Tool & Machine Co. v. Tecon Corp.*, 371 F.2d 589, 597 (1967). This motion would most appropriately have been made in this court, since it was the mandate of this court which plaintiff sought to alter. However, the cases have allowed such a motion to be made in the trial court. *Tribble* v. *Bruin*, 279 F.2d 424 (4th Cir. 1960). Plaintiff did request interest from the circuit court within the "reasonable time" required by Rule 60 (b), but he did not mention Rule 60 (b) in his motion for interest.

Even if plaintiff had mentioned Rule 60 (b), the circuit court was powerless to add interest to our mandate without first obtaining leave of this court. *Tribble, supra.* Since the plaintiff's motion for interest has now been brought to our attention on this appeal, we treat this proceeding as one in which our leave is sought for the circuit court to consider the motion. We could simply grant our leave on the ground that plaintiff's failure to ask for interest in his 1968 appeal was a clear case of excusable neglect within the meaning of Rule 60 (b) (1), and re

mand the case to the circuit court for determination of the interest due. But we hesitate to prolong this already extended litigation unnecessarily. Therefore we consider the motion as though addressed to this court, and hold that plaintiff is entitled to interest for the period in question. The rate of interest sought by plaintiff in his motion is 6%, the principal $23,578.45,[5] the time period from December 11, 1964, to July 15, 1968: 6% × $23,578.45 × 3.59 years = $5,078.77.

Reversed and remanded for entry of judgment in conformity with this opinion.

*Tom C. Leuteneker (Carlsmith, Carlsmith, Wichman and Case* of counsel) for plaintiffs-appellants.

*Valta A. Cook (Kanemitsu & Cook* of counsel) for defendant-appellee.

---

### CONCURRING OPINION OF MARUMOTO, J.

I concur in result.

---

[5] We are aware that the principal of $23,578.45 may include an unknown amount of interest awarded by the jury for the period from 1962 to 1964. If so, we may be compounding interest. This solution is, however, the most appropriate under the circumstances of this case.

In so holding, we do not imply (nor do we deny) that interest may be compounded. See HRS § 478-7; but see 40 N.Y.U.L.R. 1159 (1965); Pannam, The Calculation of Interest at a Rate "Per Cent Per Annum", 40 Australian L.J. 376 (1967). Resolution of this question is inappropriate here because no party has argued or briefed it.